IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

SHIRLEY A. ELLIOT,

        **Plaintiff,**

v.

USAA GENERAL INDEMNITY
COMPANY and
UNITED SERVICES AUTOMOBILE
ASSOCIATION,

        **Defendants.**

Case No. 20-CV-315-JWB

## MEMORANDUM AND ORDER

Before the Court is a motion to dismiss ("Motion") [Dkt. No. 14] filed by Defendant United Services Automobile Association ("USAA"). USAA claims it is not a proper party to the proceeding and that Plaintiff Shirley A. Elliot ("Plaintiff") named it in her amended complaint [Dkt. No. 12] solely to defeat diversity jurisdiction following removal of the suit by USAA's co-defendant USAA General Indemnity Company ("UGIC"). Dkt. No. 14. For the reasons stated herein, USAA's Motion is GRANTED.

### BACKGROUND

Plaintiff originally filed suit on August 14, 2020 in the District Court of Bryan County, Oklahoma. Dkt. No. 2-1. The only named defendant was UGIC, to whom she referred as "USAA" throughout her petition. *Id.* UGIC removed the case to this Court on September 11, 2020, alleging complete diversity of parties existed because Plaintiff is a citizen of Oklahoma and UGIC is a Texas corporation. Dkt. No. 2. UGIC filed an answer on September 18, 2020. Dkt. No. 9.

On October 6, 2020, Plaintiff filed an amended complaint naming both UGIC and USAA. Dkt. No. 12. She alleged that USAA is a citizen of Oklahoma because it is an unincorporated association with members within Oklahoma. *Id.* The same day, Plaintiff filed a motion to remand

claiming that USAA's omission from her original filing was "inadvertent" and remand was necessary because complete diversity does not exist given USAA's Oklahoma citizenship. Dkt. No. 13. On October 20, 2020, USAA filed its Motion, arguing that Plaintiff's addition of USAA was "a transparent, post-removal attempt to destroy diversity jurisdiction by adding a non-diverse party it 'inadvertently' failed to originally sue and just happened to remember immediately upon removal to federal court and before filing a remand motion." Dkt. No. 14 at 1.

## STANDARD

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may lodge either a facial or a factual attack on jurisdiction. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack challenges the sufficiency of the complaint and, in reviewing such a challenge, a court must accept the allegations in the complaint as true. *Id.* A factual attack "goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction." *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). A court reviewing a factual attack "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* (quotation omitted). "The court's exercise of such discretion does not convert a Rule 12(b)(1) motion into a summary judgment motion unless 'resolution of the jurisdictional question is intertwined with the merits.'" *Id.* (quoting *Holt*, 46 F.3d at 1003).[1]

## ANALYSIS

Because USAA asks the Court to review only the amended complaint and procedural posture, not outside evidence, the Court construes USAA's challenge to be a facial attack on subject matter jurisdiction. This additionally comports with USAA's invocation of 42 U.S.C. §

---

[1] Because the Court resolves the Motion on the basis of subject matter jurisdiction, it does not reach either party's Rule 12(b)(6) arguments and thus omits a recitation of the 12(b)(6) standard.

1447(e), which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court."

"A district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court and would otherwise be an amendment countenanced by Federal Rule of Civil Procedure 15(a)(1)." *Langley v. Bank of Am., N.A.*, Case No. CIV-19-253-CBG, 2019 WL 8194731, at *1 (E.D. Okla. Oct. 4, 2019) (quotation omitted) (collecting cases).[2] Although § 1447(e) refers to joinder, courts apply it when a complaint is amended to add parties post-removal. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) (discussing amendments changing John Doe defendants to named defendants); *Neill v. State Farm Fire & Cas. Co.*, No. CIV-13-627-D, 2015 WL 4629304, at *2 (W.D. Okla. Aug. 3, 2015).[3]

If an added party is indispensable under Federal Rule of Civil Procedure 19, it must remain in the case and remand is necessary. *McPhail*, 529 F.3d at 951. If the new party is not indispensable, the Court may exercise its discretion regarding whether the non-diverse party remains in the suit. *Id.* at 952. *See also Brewer*, 2005 WL 3277774 at *3 ("When Congress enacted 28 U.S.C. § 1447(e), it carved out an exception to the general rule that once diversity jurisdiction

---

[2] USAA does not challenge Plaintiff's amendment under Rule 15. Dkt. No. 14 at 5 n.4; Dkt. No. 22 at 4.

[3] Plaintiff argues the Court should conduct a fraudulent joinder analysis, not a § 1447(e) analysis. Dkt. No. 20 at 3. Fraudulent joinder occurs "when [a] plaintiff joins a resident defendant against whom no cause of action is stated in order to prevent removal under a federal court's diversity jurisdiction." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013). To prove fraudulent joinder, a removing defendant must "demonstrate that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Lopez*, 2018 WL 2560332 at *2 (quotation omitted). Since fraudulent joinder describes a situation where a plaintiff attempts to *prevent* removal, the doctrine necessarily "cannot be applied to parties added *post* removal." *Brewer v. United Parcel Serv., Inc.*, No. CIV-04-1150-C, 2005 WL 3277774, at *4 (W.D. Okla. Dec. 2, 2005) (citations omitted) (emphasis added).

attaches it may never be divested. In so doing, Congress left decisions involving post-removal joinder of non-diverse, diversity destroying defendants to the Court's sound discretion.").

Tenth Circuit courts consider several factors when exercising discretion regarding post-removal amendment of parties including "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, and whether it was offered in good faith." *Id.* (quoting *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416-17 (10th Cir. 1984)). This Court and others also note that "when faced with an amended pleading naming a new nondiverse defendant in a removed case, the court should scrutinize that amendment more closely than an ordinary amendment." *Langley*, 2019 WL 8194731 at *2 (quotation omitted). *See also, e.g., Lane v. BP P.L.C.*, No. 15-CV-524-TCK-FHM, 2020 WL 5423991, at *3 (N.D. Okla. Sept. 10, 2020). "However, these factors are not exclusive and the decision to permit joinder of diversity defeating parties is discretionary and guided essentially by equitable considerations." *Lawrence v. McDonald's Corp.*, No. 11-CV-0075-CVE-TLW, 2011 WL 2935674, at *2 (N.D. Okla. July 19, 2011) (quotation omitted).

**Indispensability**

A party is indispensable if either of two situations exists. Fed. R. Civ. P. 19(a). First, an indispensable party is one where, "in [its] absence, the Court cannot accord complete relief among existing parties." *Id.* at (a)(1)(A). Second, an indispensable party is one who "claims an interest relating to the subject of the action and is so situated that disposing of the action in [its] absence" may impair its "ability to protect its interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Id.* at (a)(1)(B). USAA does not claim an interest in the subject of the action [Dkt. No. 14 at 1], so the Court need only consider the first situation.

4

Plaintiff alludes to a potential alter ego argument against USAA. Dkt. No. 20 at 9. However, her amended complaint—particularly when scrutinized with the care applied to post-removal amendments—does not set out sufficient facts supporting alter ego liability.[4] Dkt. No. 12. And Plaintiff does not claim that the Court cannot accord complete relief without USAA. Rather, she makes only the conclusory argument that "USAA and [UGIC] act as instrumentalities for one another and should both be held liable for Plaintiff's damages." *Id.* at 7. This does not provide a basis for the Court to conclude that USAA is indispensable. Because Rule 19 does not apply, USAA's continued presence in the suit is discretionary rather than required. *McPhail*, 529 F.3d at 951-52.

**Prejudice**

Plaintiff does not identify prejudice she will suffer should USAA be dismissed under § 1447(e). As mentioned *supra*, she does not claim the Court cannot accord complete relief without USAA. And the claims she brings against it are substantively the same as the claims she brings

---

[4] "As the Supreme Court has noted, '[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries.'" *Grice v. CVR Energy, Inc.*, 921 F.3d 966, 970 (10th Cir. 2019) (quoting *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)) (modifications in original). To establish liability of a parent company for its subsidiary's actions, a plaintiff "must prove a level of control beyond the ordinary involvement of a parent in the affairs of its subsidiaries." *Collier v. Flowserve Corp.*, No. 16-CV-304-GKF-FHM, 2017 WL 3033327, at *4 (N.D. Okla. July 17, 2017) (quotation omitted). "Ordinary involvement" includes monitoring a subsidiary's performance, supervising a subsidiary's finance and capital budget decisions, and articulating general policies and procedures, while "'eccentric'" activity by the parent company is activity "different from ordinary oversight 'in degree and detail.'" *Id.* (quoting *Bestfoods*, 524 U.S. at 72).

Alter ego liability or piercing of the corporate veil "hinges primarily on control." *Frazier v. Bryan Mem. Hosp. Auth.*, 775 P.2d 281, 288 (Okla. 1989) (emphasis omitted). To determine whether the requisite control exists, courts look to nonexclusive factors such as: common directors or officers between the two entities; gross undercapitalization of the subsidiary; reliance by the subsidiary upon the parent for most or all of its business; portrayal by the parent of the subsidiary as a "division" or "department" of the parent; and failure to observe legal formalities between the two companies. *Id.*

against UGIC. Dkt. No. 12. This weighs in favor of dismissing USAA. *See Langley*, 2019 WL 8194731 at *2; *Neill*, 2015 WL 4629304 at *3.

**Delay**

Plaintiff filed her original state court petition on August 14, 2020. Dkt. No. 2-1. UGIC removed the case on September 11, 2020 and filed an answer on September 18, 2020. Dkt. No. 2; Dkt. No. 9. Plaintiff filed her amended complaint and motion to remand on October 6, 2020. Dkt. No. 12; Dkt. No. 13. She claims that the time between her original and amended pleadings "was quite short" and that "neither the Defendants nor the Court have exerted substantial time or effort in the interim." Dkt. No. 20 at 6.

"While courts generally will not find an amendment dilatory when no trial or pretrial deadlines have been scheduled or no significant activity has occurred in the case, the analysis is different in circumstances where diversity jurisdiction is at issue." *Rouf v. Cricket Commc'ns, Inc.*, No. H-13-2778, 2013 WL 6079255, at *3 (S.D. Tex. Nov. 19, 2013) (where amendment to add parties occurred a month after removal was filed, "the length of the delay coupled with the timing of the amendment convince[d] the court the plaintiffs were sufficiently dilatory to preclude joinder of non-diverse defendants"). "When a plaintiff was aware at the time of the filing of her original complaint of the identity of the defendant she now seeks to add, there arises some suspicion of plaintiff's motives to amend. These misgivings can be allayed through a reasonable explanation of the delay." *In re Bridgestone/Firestone, Inc., ATX, ATX II*, 129 F. Supp. 2d 1202, 1205 (S.D. Ind. 2001) (citation omitted). *See also Lane*, 2020 WL 5423991 at *3 (explaining when considering whether to allow a requested amendment, "[t]he Tenth Circuit 'focuses primarily on the reasons for the delay,' and has stated that 'denial of leave to amend is appropriate when the

party filing the motion has no adequate explanation for the delay'" (quoting *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006))).

Plaintiff does not argue she was unaware of USAA's identity before filing her original petition. Dkt. No. 20. In other filings, she has claimed that her failure to name USAA was an "inadvertent omission." Dkt. No. 13 at 1 n.1. She provides no other explanation for her delay. Dkt. No. 20. This factor also weighs in favor of dismissing USAA.

### Motivation

The "simultaneous filing of [an] amended complaint and motion for remand after [a] notice of removal [is] filed suggests that the purpose of the amendment [is] to defeat jurisdiction." *Langley*, 2019 WL 8194731 at *2 (quoting *Rouf*, 2013 WL 6079255 at *3). This factor, particularly when coupled with Plaintiff's lack of any other explanation of her motivation, counsels dismissal.

### Equitable Considerations

As in *Langley*, here the amended complaint "presents substantive allegations and causes of action that are unchanged from the original pleading, does not identify or further any new substantive rights of the Plaintiff, and was accompanied by a contemporaneous motion to remand based solely on lack of diversity." 2019 WL 8194731 at *2. Plaintiff presents no colorable reasons to keep USAA in the case. The Court agrees with USAA that her amendment was at most an attempt to evade the Court's jurisdiction.

### CONCLUSION

**IT IS THEREFORE ORDERED** that the motion to dismiss [Dkt. No. 14] filed by Defendant United Services Automobile Association is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to remand [Dkt. No. 13] filed by Plaintiff Shirley A. Elliot, which is premised on USAA's presence in the suit, is **MOOT**.

DATED this 13th day of May 2022.

s/John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
